UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62510-CIV-SCOLA/OTAZO-REYES

MARGARET JALLALI,

 Plaintiff,

v.

USA FUNDS, WEST ASSET
MANAGEMENT, INC., and SUN
HEALTHCARE GROUP,

 Defendants.

_____/

## ORDER GRANTING DEFENDANT SUN HEALTHCARE GROUP'S MOTION TO DISMISS

 THIS MATTER is before the Court on Defendant, Sun Healthcare Group's, ("Sun Healthcare") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 19), filed March 30, 2012. In her First Amended Complaint (the "Amended Complaint"), Plaintiff, Margaret Jallali, alleges that Sun Healthcare inappropriately withheld a portion of her wages pursuant to a wage garnishment order issued by Defendant, USA Funds. In the instant Motion to Dismiss, Sun Healthcare seeks dismissal of all six counts of the Amended Complaint (ECF No. 12) under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Defendant's Motion to Dismiss. Counts I, III, and VI are dismissed with prejudice. Counts II, IV, and V are dismissed without prejudice.

## BACKGROUND

 This case involves the Federal Family Education Loan Program ("FFELP"), established by the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* ("HEA"). Jallali is a student loan debtor who was employed by SunDance Rehabilitation Corporation, a subsidiary of Sun Healthcare. Jallali financed a portion of her education with a FFELP loan ("Stafford Loan"), which was guaranteed by USA Funds, an Indiana nonprofit corporation. Under the

FFELP, when a student defaults on her loan, the guarantor must pay the outstanding loan balance to the lender and, thereafter, has the right to take title to the loan.

The record indicates that Jallali failed to make the required payments on her loan which entered into default in 2011.  On September 2, 2011, USA Funds issued an Order of Withholding from Earnings ("Withholding Order") to Sun Healthcare.  The Withholding Order directed that Sun Healthcare withhold and remit to Defendant, West Asset Management, a collection agency, fifteen percent of Jallali's disposable wages.  Jallali alleges that as of November 23, 2011, Sun Healthcare had "deducted $1,187.85 of [Jallali's] pay on three separate occasions."  Am. Compl., ¶ 22.

Under the wage garnishment provision of the HEA, a guaranty agency, such as USA Funds, may garnish the disposable pay of a debtor if the debtor has failed to make payments required under a repayment agreement.  20 U.S.C. § 1095a(a).  A debtor who is subject to a garnishment, however, is statutorily entitled to certain procedural protections, including, for example, a hearing "concerning the existence or the amount of the debt," and, in certain cases, about "the terms of the repayment schedule."  *Id*. § 1095a(a)(5).  If the debtor requests a hearing on or before the fifteenth day following the mailing of the pre-garnishment notice, a hearing must be provided before a garnishment order may be issued to the debtor's employer.  *Id*. § 1095a(b).  Otherwise, the debtor is entitled to a hearing, but the hearing need not be conducted before garnishment begins.  *Id*.  The HEA also exempts from wage garnishments debtors who have been reemployed within twelve months after having been involuntarily separated from their previous employment.  *Id*. § 1095a(a)(7).  Jallali contends that (1) she met the HEA's exemption for wage garnishment, and (2) neither USA Funds, West Asst Management, nor Sun Healthcare accorded her any of the HEA's procedural rights.  As a consequence, Jallali commenced the instant action on November 23, 2011.

After filing her initial Complaint, Jallali alleges that Sun Healthcare "began a pattern of unusual work related [sic] reviews."  Am. Compl., ¶ 26.  Specifically, Jallali alleges that she received warnings and notices regarding her work performance.  She also alleges that in January 2012 she expressed concern to Sun Healthcare about other employees "padding hours" by billing significantly more time than those actually worked.  *See id*. ¶¶ 27-28.  On March 15, 2012, Jallali was terminated from her employment with Sun Healthcare.

Jallali filed the Amended Complaint on March 16, 2012. The Amended Complaint alleges six counts: Retaliatory Discharge in violation of 42 U.S.C. § 1983 (Count I); Discriminatory Discharge in violation of 42 U.S.C. § 1983 and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count II); Infringement of Liberty Interest in violation of the Fourteenth Amendment of the U.S. Constitution (Count III); Declaratory and Injunctive Relief pursuant to 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 65 (Count IV); Civil Rights/Due Process violation pursuant to 20 U.S.C. §§ 1095a(a)-(b) (Count V); and Unjust Enrichment (Count VI). Jallali requests that the Court enjoin Defendants from garnishing her future wages. She also asks for $1,187.85 in damages, as well as an award of compensatory damages, attorneys' fees, and costs.

On March 30, 2012, Sun Healthcare filed the instant Motion to Dismiss pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Sun Healthcare argues that Jallali has failed to state a claim upon which relief can be granted with respect to all six counts in the Amended Complaint. Sun Healthcare also argues that the Amended Complaint is deficient because it does not contain sufficient facts to give Defendants fair notice of the grounds upon which Plaintiff's claims rest. The Court has reviewed the Motion, the Response thereto, and is otherwise duly advised. For the reasons set forth below, the Court dismisses Counts I, III, and VI with prejudice and dismisses Counts II, IV, and V without prejudice.

## **LEGAL STANDARD**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of a complaint's factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 577). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

With these standards in mind, the Court turns to the Amended Complaint to determine whether each count states a claim upon which relief can be granted.

## ANALYSIS

### I.   Violations of 42 U.S.C. § 1983 and the Fourteenth Amendment

In Counts I and III, Jallali alleges that Sun Healthcare wrongfully discharged her in retaliation for "protected conduct," and infringed upon her liberty interest in violation of 18 U.S.C. § 1983 and the Fourteenth Amendment, respectively. As a threshold to liability under

section 1983 and the Fourteenth Amendment, a plaintiff must show that the conduct at issue resulted from state action. *See Allocco v. City of Coral Gables*, 221 F. Supp. 2d 1317, 1372 (S.D. Fla. 2002) (Gold, J.) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982)). "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Cohen v. World Omni Fin. Corp.*, 457 F. App'x 822, 828 (11th Cir. 2012) (quoting *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005)). Similarly, the Fourteenth Amendment requires there to be state action, and "erects no shield against merely private conduct, however discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)); *accord Nat'l Broad. Co. v. Commc'n. Workers of Am.*, 860 F.2d 1022, 1024 (11th Cir. 1988) ("The Fourteenth Amendment, and, through it, the First and Fifth Amendments, do not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" (citation omitted)). Where, as here, deprivations of rights are alleged under the Fourteenth Amendment, the under-the-color-of-state-law requirement of section 1983 and the state-action requirement of the Fourteenth Amendment converge. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 n.8 (1999) (citing *Lugar*, 457 U.S. at 935 n.18).

Jallali contends that Sun Healthcare was a state actor for purposes of liability under section 1983 and the Fourteenth Amendment. Private conduct may be fairly attributable to the state where: (1) the "deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) "the party charged with the deprivation . . . may fairly be said to be a state actor." *Id*. at 50 (quoting *Lugar*, 457 U.S. at 937). The Court must carefully adhere to the state action requirement to avoid "imposing on the State, its agencies or officials, responsibility for conduct for which they cannot be fairly blamed." *Lugar*, 457 U.S. at 936. Thus, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for [ § ] 1983 purposes." *Wilson v. Dollar-Thrifty Auto Group-S. Fla. Transp.*, 286 F. App'x 640, 641 (11th Cir. 2008) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)).

The Eleventh Circuit has employed three tests to determine whether the actions of a private entity, such as Sun Healthcare, are properly attributable to the state. These tests include: "(1) the public function test, which asks whether the private actors were performing functions

'traditionally the exclusive prerogative of the state;' (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise." *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)); *see also Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). A private entity may also be held liable under section 1983 when it conspires with state actors to violate an individual's constitutional rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a conspiracy for section 1983 purposes, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Brown*, 361 F. App'x at 54 (quoting *Harvey*, 949 F.2d at 1133). Thus, the salient question here is whether Jallali has stated sufficient facts to establish that Sun Healthcare was a private actor under any one of these tests.

In this case, while employing Jallali, Sun Healthcare withheld a portion of her disposable pay as directed by the Withholding Order. After garnishing a portion of her wages, Sun Healthcare terminated Jallali for allegedly engaging in protected conduct—namely the filing of the instant lawsuit and reporting employee misconduct to her supervisors. Jallali does not allege, however, that Sun Healthcare was performing a traditional public function, or that the state coerced or encouraged Sun Healthcare's actions. Rather, Jallali argues that Sun Healthcare is a state actor because it "regularly withheld Plaintiff's payroll under color of law in connection with the Order of Withholding from Earnings, at the request of a *federal actor*," and "acted in concert with both co-defendants during the withholdings period." Resp. (ECF No. 24), ¶¶ 12-13 (emphasis added). She likewise does not allege any facts supporting any conspiracy between Sun Healthcare and any state actor or that Sun Healthcare entered into an agreement with any state actor to violate her constitutional rights. Because the Amended Complaint fails to allege facts showing that Sun Healthcare acted under color of *state* law, the Court dismisses Counts I and III against Sun Healthcare.[1] As any amendment of Counts I and III would, in the Court's

---

[1] In her Response, Jallali relies on *Dossett v. First State Bank*, 399 F.3d 940 (8th Cir. 2005) for the proposition that "a private bank can be held liable under [s]ection 1983 for firing an at-will employee at the behest of a *state* actor." Resp., ¶ 12 (emphasis added). Yet the facts in *Dossett* are materially distinguishable from the instant case. In *Dossett*, a bank employee was terminated after she made comments critical of the local school board, which threatened to remove funds

view, be futile, Counts I and III are dismissed with prejudice. *See Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1582 (S.D. Fla. 1993) (Davis, J.), *aff'd* 193 F.3d 1185 (11th Cir. 1999) (citing *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040 (11th Cir. 1986), *cert. denied*, 480 U.S. 946 (1987); *Griggs v. Hinds Junior Coll.*, 563 F.2d 179 (5th Cir. 1977)).

## II. Discriminatory Discharge in violation of the FLSA

In Count II, Jallali alleges that Sun Healthcare violated the FLSA by terminating her in retaliation for engaging in protected conduct—namely by commencing the instant action and reporting that Sun Healthcare employees were misreporting their time worked.[2] Sun Healthcare, however, correctly argues that Count II should be dismissed because, *inter alia*, Jallali failed to exhaust her administrative remedies with respect to her alleged violation of 29 U.S.C. § 218c.[3]

Section 218c makes it unlawful to

> discharge or in any manner discriminate against any employee with respect to his or her compensation, terms, conditions, or other privileges of employment because the employee (or an individual acting at the request of the employee) has . . . provided, caused to be provided, or is about to provide or cause to be provided to the

---

held at the bank. The Eighth Circuit held that the district court's jury instructions were in error for, *inter alia*, excluding "from the scope of 'under color of law' actions taken by a school official who was purporting to act in the performance of official duties." *Id*. at 949. Here, by contrast, there is no allegation that Sun Healthcare conspired, or entered into an agreement, with any state official to deprive Jallali of a constitutional right. All other cases cited in the Response are similarly inapposite as they involve state action. *See Tower v. Glover*, 467 U.S. 914 (1984); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickles v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

[2] Jallali also lists 42 U.S.C. § 1983 as a legal basis for Count II. However, as the Court previously noted, Jallali has failed to demonstrate that Sun Healthcare is a public actor for purposes of section 1983 liability. Accordingly, the Court confines its analysis of discriminatory discharge to the FLSA.

[3] The Amended Complaint also cites 29 U.S.C. § 215, which makes it unlawful to: "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . ." 29 U.S.C. § 215(a)(3). Jallali does not, however, allege any facts to suggest that she was terminated for filing an FLSA complaint. *See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, No. 11-62594, 2012 WL 1933303 (S.D. Fla. Jan. 26, 2012) (Dimitrouleas, J.) (noting that a plaintiff established a prima facie case of retaliation under 29 U.S.C. § 215(a)(3) where she complained about the Defendant's failure to pay her overtime compensation hours worked in excess of forth hours per week, and that she was fired in retaliation for these complaints). The Court, therefore, limits its analysis to the alleged violation on section 218c.

> employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of, any provision of this title.

29 U.S.C. § 218c(a)(2).

Prior to commencing suit for a violation of section 218c, an aggrieved employee must, however, adhere to the procedural requirements outlined in 15 U.S.C. § 2087(b). 29 U.S.C. § 218c(b)(1). Under these requirements, a plaintiff must "not later than 180 days after the date on which such violation occurs, file . . . a complaint with the Secretary of Labor alleging such discharge or discrimination and identifying the person responsible for such act." 15 U.S.C. § 2087(b)(1). After providing notice to the person named in the complaint and investigating the matter, the Secretary is directed to issue a preliminary order to which the complainant, or the person named in the complaint, may file objections or request a hearing on the record. *Id.* §§ 2087(b)(1), (b)(2)(A). A plaintiff only obtains the right to commence an action for *de novo* review in federal court if "the Secretary has not issued a final decision within 210 days after the filing of the complaint, or within 90 days after receiving a written determination." *Id.* § 2087(b)(4).

The Amended Complaint does not contain any allegation that Jallali complied with any of the procedural requirements of 15 U.S.C. § 2087(b). Nor does Jallali even address Sun Healthcare's arguments that she has failed to exhaust her administrative remedies. She responds only that it would have been futile to adhere to the section 2087's procedural requirements because the litigation had already commenced at the time the alleged violation had occurred. She also reiterates her previous claim that Sun Healthcare is a public entity for purposes of section 1983 because it acted under the color of law in connection with the Order of Withholding from Earnings and acted in concert with two federal actors. Accordingly, Count II of the Amended Complaint is dismissed without prejudice. The Court gives Jallali leave to amend her retaliatory discharge claim.

**III.    Declaratory and Injunctive Relief**

Sun Healthcare similarly moves to dismiss Count IV of the Amended Complaint, which sets forth a claim for declaratory and injunctive relief on the basis that Jallali lacks standing to assert such a claim. Jallali's response—that the Court should grant declaratory relief because the

8

Amended Complaint alleges sufficient facts to put Sun Healthcare on notice of the "core facts" of her lawsuit—confuses the standard by which declaratory and injunctive relief is deemed appropriate. Resp., ¶ 22.

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not grant litigants an absolute right to relief. Rather, under the Act, federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The main purpose of the Act is to settle actual controversies before they ripen into violations of law or breaches of duty. While past injury may confer a plaintiff standing to seek money damages, it does not ordinarily confer standing unless a plaintiff demonstrates a sufficient likelihood that she will again be wronged in a similar way. Similarly, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Lugo v. 141 NW 20th Street Holdings, LLC*, No. 12-80440, 2012 WL 2524288, at *3 (S.D. Fla. June 29, 2012) (Marra, J.) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)); *see also Canadian Steel, Inc. v. HFP Capital Mkts., LLC*, No. 11-23650, 2012 WL 2326119, at *10 (S.D. Fla. June 19, 2012) (Altonaga, J.) ("In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000))). Thus, a prayer for declaratory or injunctive relief requires the Court to assess "whether the plaintiff has sufficiently shown a real and immediate threat of future harm." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006); *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Am. Federation of Labor & Congress of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1185 (11th Cir. 2011); *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001). In this Circuit, for an injury to suffice for prospective relief, it must be imminent. *Elend*, 471 F.3d at 1207 (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1266 (11th Cir. 2003)).

Here, Jallali has not alleged any facts indicating that there is an immediate threat of future harm. She argues only that declaratory and injunctive relief is appropriate because she was not afforded any statutory rights with respect to her past wage garnishment even though she met the statutory exemption for such garnishment. But "[p]ast exposure to illegal conduct does not itself

9

show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 102 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). While the Amended Complaint contains facts that allege that Jallali was previously denied due process with respect to her wage garnishment, Jallali does not allege any facts suggesting an immediate threat of future harm. Accordingly, the Court dismisses Count IV without prejudice.

### IV. Violation of Higher Education Act Procedures

In Count V, Jallali alleges that Sun Healthcare deprived her of civil rights and due process because it did not accord her any of the procedural rights outlined in the HEA (without specifying what procedural rights were violated). The HEA was enacted by Congress in 1965 to "address the pressing need to provide financial assistance to students in higher education." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004). The HEA authorizes the Secretary of Education to administer numerous student loan programs, such as the Stafford Loan Program in which Jallali was enrolled. As noted above, under these programs, lenders make loans guaranteed by a nonprofit entity such as USA Funds, which are ultimately guaranteed by the federal government. *See* 20 U.S.C. § 1078(c)(1)(A); 34 C.F.R. § 682.404(a).

Because the United States has a financial interest in the repayment of these loans, the HEA empowers the Secretary of Education to promulgate regulations to "protect the United States from the risk of unreasonable loss . . . , to ensure proper and efficient administration of the loan insurance program, and to assure that due diligence will be exercised in the collection of loans insured under the program." 20 U.S.C. § 1078(c)(2)(A). These regulations outline the procedural requirements that a lender must follow to collect a delinquent payment. *See, e.g.,* 34 C.F.R. § 682.411. They also apply to third-party debt collectors, such as West Asset Management, that attempt to collect delinquent loans on behalf of guaranty agencies. *See, e.g.,* 20 U.S.C. §§ 1078-3(d)(4), 1082(a)(1).

A guaranty agency may seek a wage garnishment in the event that its collection efforts are unsuccessful. According to 20 U.S.C. § 1095a, "Notwithstanding any provision of State law, a guaranty agency . . . may garnish the disposable pay of an individual to collect the amount owed by the individual, if he or she is not currently making required repayment. . . ." 20 U.S.C.

§ 1095a(a). Under the HEA's wage garnishment provision, a guaranty agency may order an employer to withhold up to fifteen percent of the debtor's disposable pay. *Id*. § 1095a(a)(1). However, the HEA contains an exemption to wage garnishment: "if an individual has been reemployed within 12 months after having been involuntarily separated from employment, no amount may be deducted from the disposable pay of such individual until such individual has been reemployed continuously for at least 12 months." *Id*. § 1095a(a)(7); 34 C.F.R. § 682.410(b)(9)(i)(G).

The HEA also vests debtors with various procedural rights with respect to wage garnishment. For instance, debtors are entitled to notice that the guaranty agency intends to initiate a garnishment, and the debtor has the opportunity to inspect and copy records relating to the debt. *Id*. § 1095a(a)(2)-(3). The debtor also must be afforded the opportunity to enter into a written agreement with either the guaranty agency or the Secretary of Education to "establish a schedule for the repayment of the debt." *Id*. § 1095a(a)(4). In addition, as noted above, the debtor is entitled to a hearing regarding the amount of debt or the terms of the repayment schedule. *Id*. § 1095a(a)(5). Such a hearing shall be provided prior to the issuance of the garnishment order, or within fifteen days of the mailing of the notice of the garnishment. *Id*. § 1095a(b). If a debtor fails to file a petition for a hearing within fifteen days of the notice, however, the hearing is not required to commence prior to the garnishment order. *Id*. In addition, an employer may not terminate or discipline an employee because their wages have been subject to garnishment or because they commenced an action in state or federal court. *Id*. § 1095a(a)(8).

Jallali argues that Sun Healthcare did not accord her any of the procedural rights associated with the HEA's wage garnishment statute. Jallali also argues that she meets the statutory exemption for wage garnishment because she was not reemployed continuously for twelve months following an involuntary employment separation. *See* 20 U.S.C. § 1095a(a)(7). Sun Healthcare responds that the only duty that the HEA imposes on employers is to comply with withholding orders. Moreover, Sun Healthcare argues that Jallali has not alleged any facts that suggest she meets the statutory exemption for wage garnishments.

It is well established that, while the HEA affords debtors with certain rights during the wage garnishment process, the HEA does not endow debtors with a private right of action. *Cliff*, 363 F.3d at 1123; *McCullough v. PNC Bank, Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002)

11

(citations omitted); *accord Labickas v. Ark. State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1485 (9th Cir.1995); *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992). Rather, the HEA only empowers the Secretary of Education with the authority to enforce the HEA and rectify any violations thereof. *Cliff*, 363 F.3d at 1123. However, the Eleventh Circuit has held that the HEA does not preempt other state and federal remedies regarding debt collection practices. *Id*. at 1130.

While Jallali concedes that the HEA does not provide debtors with a private right of action, she maintains that she has asserted independent federal and state law claims to enforce the procedural rights of the HEA. However, the other legal bases for asserting her HEA violations fail as a matter of law. First, Jallali does not allege, and the Court does not deduce, how Sun Healthcare's actions involve any state action for purposes of section 1983 liability. Second, Jallali has not alleged sufficient facts to establish how there is an immediate threat of future harm for purposes of declaratory and injunctive relief. Finally, Jallali has neither pled sufficient facts, nor otherwise refuted Sun Healthcare's contention that she failed to exhaust her administrative remedies prior to filing a claim under the FLSA. The Court, therefore, finds that Jallali has not set forth an independent legal basis for enforcing any alleged violation of the HEA by Sun Healthcare. Accordingly, Count V of the Amended Complaint must also be dismissed.

Sun Healthcare also argues that the Amended Complaint is deficient because Jallali has not pled sufficient facts to put it on fair notice of the basis of her claim. Indeed, the Amended Complaint only states that "Defendants denied Plaintiff the Due Process of Law that attaches to 20 U.S.C. § 1095a(a)(1)-(5), (7), or § 1095a(b)." Am. Compl. ¶ 69. Here, Jallali asserts no allegation of when she received notice of the wage garnishment or whether she requested to review documents or a hearing on the matter. Moreover, Jallali does not plead any facts indicating that she meets the statutory exemption contained in 20 U.S.C. § 1095a(a)(7). As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Thus, the Amended Complaint also fails to provide Sun Healthcare with fair notice of the ground upon which the claim rests.

Lastly, Sun Healthcare argues that its only responsibility under the HEA's wage garnishment statute is to comply with a withholding order. *See* 20 U.S.C. § 1095a(a)(6) ("[T]he employer *shall* pay to the Secretary or the guaranty agency as directed in the withholding order .

12

. .") (emphasis added); 34 C.F.R. § 682.410(b)(9)(i)(G) (same); *Savage v. Scales*, 310 F. Supp. 2d 122, 136-37 (D.D.C. 2004) (noting that an employer "did not have a duty to verify the accuracy of the order for the garnishment sent to them." (citing *Walsh v. Wal-Mart Stores, Inc.*, 836 F.2d 1152, 1153 (8th Cir. 1988))). However, an employer is also under an affirmative duty not to terminate or otherwise discipline an employee. *See* 20 U.S.C. § 1095a(a)(8); 34 C.F.R. § 682.410(b)(9)(i)(O). As noted above, Jallali has not sufficiently alleged that she has complied with the FLSA's administrative prerequisites prior to filing suit, or based her retaliatory discharge claim on an actionable legal ground. Therefore, the Count V is dismissed without prejudice.

## V.   Unjust Enrichment

Finally in Count VI, Jallali asserts a claim for unjust enrichment against Sun Healthcare. Unjust enrichment is an equitable claim based on a legal fiction adopted to achieve justice and enforce legal duties by means of an action *ex contractu* where no true contract exists. *See Tooltrend, Inc. v. CMT Tools*, 198 F.3d 802, 805 (11th Cir. 1999); *Magwood v. Tate*, 835 So. 2d 1241, 1243 (Fla. 4th DCA 2003) (citing *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997)). That is, where it is deemed unjust to for one party to have received a benefit without paying compensation, a Court will, in essence, "create" an agreement on quasi-contract principles. *See Magwood*, 835 So. 2d at 1243 (quoting *Commerce P'ship.*, 695 So. 2d at 386). To prevail on a cause of action for unjust enrichment, a plaintiff must show that she: (1) conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit conferred; (3) the defendant voluntarily accepted and retained the conferred benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n. 4 (Fla. 2004)); *Tracfone Wireless, Inc. v. Technopark Co., Ltd.*, No. 12-20013, 2012 WL 1229454, at *7 (S.D. Fla. 2012) (Ungaro, J.) (citing *N.G.L. Travel Assocs. V. Celebrity Cruises, Inc.*, 764 So. 2d 672, 675 (Fla. 3d DCA 2000)). Here the Amended Complaint fails to allege any facts that support this cause of action. Jallali does not allege that a benefit was conferred on Sun Healthcare or that Sun Healthcare retained that benefit. Indeed, Jallali admits, in both the Amended Complaint and her Response, that Sun Healthcare paid the

proceeds of Jallali's wage garnishment to West Asset Management.  Am Compl., ¶ 21; Resp., ¶ 24.  Accordingly, Count VI is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant, Sun Healthcare's, Motion to Dismiss.  Counts I, III, and VI are **DISMISSED WITH PREJUDICE** and Counts II, IV, and V are **DISMISSED WITHOUT PREJUDICE** as to Defendant, Sun Healthcare.  Plaintiff may file a Second Amended Complaint no later than **August 20, 2012**.

**DONE AND ORDERED**, in Chambers, Miami, Florida, on August 10, 2012.

_____
**ROBERT N. SCOLA**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Magistrate Judge Otazo-Reyes
Counsel of record