UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62510-Civ-SCOLA

MARGARET JALLALI

      Plaintiff,
vs.

USA FUNDS,
WEST ASSET MANAGEMENT, INC.,
and SUN HEALTHCARE GROUP,

      Defendants.
_____/

### Order Denying Plaintiff's Motion To Recuse

    Plaintiff Margaret Jallali, proceeding pro se, moves that I recuse myself from this case under 28 U.S.C. § 455(a), (b). (DE 184.) More specifically, she argues that I should recuse because "a reasonable, well-informed observer might question [my] impartiality" and because Jallali believes that my rulings show that I am biased and prejudiced against her and her former attorney, Cyrus Bischoff. (*Id.*) Significantly, Jallali argues not only that I should recuse myself, but that the recusal should be retroactive to February 11, 2013 and that all orders I entered from February 11, 2013 on should be vacated because they were the product of bias and prejudice or were rendered at a time when a reasonable observer might question my impartiality. So according to Jallali, the grounds for recusal existed as of February 11, which means that Jallali waited 260 days before moving to recuse. Jallali's Recusal Motion (DE 184) is untimely and meritless. Because each of these reasons is independently sufficient to deny Jallali's Recusal Motion, the Court **denies** the Motion (DE 184).

    Jallali's Recusal Motion is untimely. The Eleventh Circuit has held that a motion to recuse a judge under § 455(a) or § 455(b) must be timely filed. *Summers v. Singletary*, 119 F.3d 917, 920-21 (11th Cir. 1997). That is, the motion "must be filed within a reasonable time after the grounds for the motion are ascertained." *Id.* at 921. Jallali argues that grounds for recusal existed on February 11, but she then waited 260 days to file her motion. And because the grounds for recusal existing on February 11 were orders that the Court entered in this case (*see* DE 93; DE 94), Jallali through her then attorney was aware of these orders either on that day or shortly thereafter. Because Jallali did not move for recusal within a reasonable time after knowing about those grounds, Jallali's Recusal Motion is untimely and must be **denied**.

    But even if the Court were to ignore the lateness of Jallali's Recusal Motion, the Court would still deny it because it is meritless. Jallali makes essentially two arguments in favor of recusal: (1) the number and language of the adverse rulings

entered against Jallali would lead a reasonable lay observer to question my impartiality, and (2) my referring Bischoff to the Florida Bar and the Ad Hoc Committee of the Southern District of Florida for possible discipline shows my personal bias against Bischoff, a bias that infected my rulings in the present case. The arguments are meritless because in order for an allegation of bias to be sufficient to require recusal under § 455, the movant "must demonstrate that the alleged bias is personal as opposed to judicial in nature. The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (internal citations and quotation marks omitted). So motions to recuse generally may not be based on the judge's rulings in that case. *Id.* There is an exception to the general rule that bias must stem from an extrajudicial source: if the judge demonstrates "pervasive bias and prejudice" against a party, then that bias is sufficient to warrant recusal even when the bias does not stem from an extrajudicial source. *See id.* at 884-885. Pervasive bias and prejudice is shown by judicial conduct that would otherwise "constitute bias against a party." *Id.* at 885.

Because my alleged bias stems from what I have learned in the case and not through an extrajudicial source, Jallali has not alleged bias sufficient to warrant recusal. Jallali and Bischoff violated numerous court orders (*see* DE 144). Because of the number of their violations and the seriousness of many of them, the Court dismissed Jallali's case with prejudice. That was not a decision the Court took lightly, but the Court strongly feels that that ruling was warranted and was the only sanction that would suffice. The same is true of my referring Bischoff to the respective bars based on his misconduct. That decision was not based on personal animus or bias against Bischoff. It instead was based on his repeated misconduct, which included violating court orders and advancing frivolous arguments. Indeed, Bischoff has not appeared before me in the present case, and I do not recall him ever appearing before me in any case. And the Court upheld sanctions imposed by the Magistrate Judge. The Court has not imposed sanctions of its own. To be sure, this case has not gone well for either Jallali or Bischoff. Jallali has been sanctioned for her conduct in this case, Bischoff has been referred to two bars, and a motion for sanctions against Bischoff is currently pending. But that is because of their conduct in this case. Just recently, the Court reasoned that it could sanction Bischoff for a frivolous and vexatious argument advanced in a motion to reconsider, but expressly declined to do so. (DE 177.) And the Court did reconsider its ruling and allowed Bischoff to withdraw, even though all of the Defendants opposed his request. Instead of taking every opportunity to stick it to Bischoff and Jallali, the Court has let numerous instances of misconduct slide. And the Court's strong language in several orders is warranted by the repeated and serious instances of misconduct.

Jallali's Recusal Motion also fails under § 455(a)'s lack-of-impartiality standard. "The test under § 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would

entertain a significant doubt about the judge's impartiality." *Jones v. Commonwealth Land Title Insurance Co.*, 459 F. App'x 808, 811 (11th Cir. 2012).  Given the repeated instances of misconduct by both Jallali and Bischoff, an objective, disinterested lay observer would not entertain a significant doubt about my impartiality.  My rulings in this case are warranted by the facts at hand.

For the above reasons, and for the reasons set forth in Defendant Sun Healthcare Group's eloquent and persuasive response (DE 185), Jallali's Recusal Motion (DE 184) is **denied**.

In Sun Healthcare's response, it asks for an in-person hearing to determine the author of Jallali's Recusal Motion.  Sun Healthcare contends that reasonable doubt exists as to whether Jallali actually wrote the Motion.  "At various points in this litigation, Jallali has strenuously insisted that she is a legal novice and has great difficulty interpreting legal documents."  (DE 185 at 4.)  And yet the Recusal Motion "uses sophisticated legal terminology and cites extensively to case law, within as well as outside the Eleventh Circuit."  (*Id.*)  Although the Court agrees that the Recusal Motion does not appear to be drafted by a pro se party—especially a pro se party who has expressed difficulty in interpreting legal documents—a hearing and further argument on this point is unnecessary.  As an attorney, Bischoff is an officer of the court.  He moved to withdraw from representing Jallali in this case, and the Court granted his request in an October 18, 2013 Order (DE 177).  The Court fully expects that he is abiding by this Order.  If he is not, then that would be yet another example of misconduct.  To the extent that Sun Healthcare or the other Defendants believe that Bischoff or a member of his firm is still representing Jallali in this case, they can bring that matter to the attention of the Florida Bar and the Ad Hoc Committee of the Southern District of Florida for possible sanctions.  Those entities can conduct their own investigation into the facts—it is the Court's understanding that they are already investigating Bischoff based on the Court's bringing his conduct in this case to their attention—and determine whether Bischoff is still representing Jallali despite formally withdrawing.

**Done and ordered** in chambers at Miami, Florida, on October 30, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**